# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PATTEN, | CASE NO. 1:04-CV-06114-OWW-SMS-P |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST CERTAIN DEFENDANTS |
| v. | |
| EDWARD ALAMEIDA et al., | |
| Defendants. | (Doc. 14) |

I.  Screening Order

Plaintiff Jasen Patten ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 17, 2004, and on February 5, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on June 6, 2005.

Pursuant to 28 U.S.C. § 1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds

upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

The events in question occurred at the Sierra Conservation Center (SCC) in Jamestown, California, where plaintiff was incarcerated at the time.[1]  Plaintiff names the former Directors of the California Department of Corrections and Rehabilitation as defendants, as well as staff at SCC. Plaintiff is seeking both money damages and injunctive relief.  However, because plaintiff is no longer incarcerated, plaintiff's claim for injunctive relief is moot.  Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Plaintiff alleges claims for relief for violation of the Eighth Amendment of the United States Constitution and California law stemming from treatment he received for his medical issues while incarcerated.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may

---

[1] Plaintiff was not incarcerated at the time he filed this action and is not presently incarcerated.

be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Pursuant to 28 U.S.C. § 1915(e)(2), the court has screened plaintiff's complaint and finds that under federal notice pleading standards, it states cognizable claims for relief under 42 U.S.C. § 1983 for violation of the Eighth Amendment and under California law against defendants Alameida, Woodford, Howard, Tedder, Feicher, Petersen, Iannone, Daily, Shapiro, Parkinson, Witwer, Sydenstricker, and Kramer. However, although plaintiff lists Stogsdill and Roberson as defendants in the caption of his amended complaint, plaintiff has not alleged any facts sufficient to give rise to claims against them. Defendant Stogsdill is not mentioned at all in the amended complaint other than in the caption. Although there are allegations set forth against defendant Roberson in paragraph 44, defendant's limited involvement in refunding plaintiff's co-pays in exchange for plaintiff's agreement to withdraw an inmate appeal, even if coercive, is insufficient to give rise to a cognizable claim.

The court finds that plaintiff's amended complaint contains cognizable claims for relief against defendants Alameida, Woodford, Howard, Tedder, Feicher, Petersen, Iannone, Daily, Shapiro, Parkinson, Witwer, Sydenstricker, and Kramer. However, the court finds that plaintiff's amended complaint does not contain claims upon which relief may be granted against defendants Stogsdill and Roberson. The court will provide plaintiff with the opportunity to file a second amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file a second amended complaint and wishes to proceed against defendants Alameida, Woodford, Howard, Tedder, Feicher, Petersen, Iannone, Daily, Shapiro, Parkinson, Witwer, Sydenstricker, and Kramer, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that defendants Stogsdill and

Roberson be dismissed from this action, and will forward plaintiff summonses and USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Alameida, Woodford, Howard, Tedder, Feicher, Petersen, Iannone, Daily, Shapiro, Parkinson, Witwer, Sydenstricker, and Kramer.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Although plaintiff's complaint does not contain any claims based on events at San Quentin, it does set forth events that occurred there. Plaintiff is advised any claims based on events at San Quentin should be raised in an action filed in the Northern District of California. Venue for claims based on events at San Quentin is not proper in this district.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File a second amended complaint curing the deficiencies identified by the court in this order, or

///

///

///

4

    b. Notify the court in writing that he does not wish to file a second amended complaint and wishes to proceed only against defendants Alameida, Woodford, Howard, Tedder, Feicher, Petersen, Iannone, Daily, Shapiro, Parkinson, Witwer, Sydenstricker, and Kramer; and

 3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated: February 28, 2006**        **/s/ Sandra M. Snyder**
icido3                 UNITED STATES MAGISTRATE JUDGE