IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON PATTEN, | ) | 1:04-cv-06114-OWW-SMS-P |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION** |
| | ) | |
| vs. | ) | |
| | ) | (Doc. 16) |
| EDWARD ALAMEIDA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jason Patten ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 1, 2006, the court issued an order requiring plaintiff to either file a second amended complaint curing the deficiencies identified in the order or notify the court in writing of his intent to proceed only on the claims found to be cognizable by the court, within thirty days from the date of service of that order. The thirty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.[1]

///

---

[1] The United States Postal Service returned the order on March 13, 2006, as undeliverable. A notation on the envelope stated: Return to Sender - Unable to Forward. However, plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

1

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

2

1  Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
2       In the instant case, the court finds that the public's interest
3  in expeditiously resolving this litigation and the court's interest
4  in managing the docket weigh in favor of dismissal.  The third factor,
5  risk of prejudice to defendants, also weighs in favor of dismissal,
6  since a presumption of injury arises from the occurrence of
7  unreasonable delay in prosecuting an action.  Anderson v. Air West,
8  542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy
9  favoring disposition of cases on their merits -- is greatly outweighed
10 by the factors in favor of dismissal discussed herein.  Finally, a
11 court's warning to a party that his failure to obey the court's order
12 will result in dismissal satisfies the "consideration of alternatives"
13 requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at
14 132-33; Henderson, 779 F.2d at 1424.  The court's order of March 1,
15 2006, expressly stated: "If plaintiff fails to comply with this order,
16 this action will be dismissed for failure to obey a court order."
17 Thus, plaintiff had adequate warning that dismissal would result from
18 non-compliance with the court's order.
19      Accordingly, the court HEREBY RECOMMENDS that this action be
20 DISMISSED based on plaintiff's failure to obey the court's order of
21 March 1, 2006.
22      These Findings and Recommendations are submitted to the United
23 States District Judge assigned to the case, pursuant to the provisions
24 of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days** after being
25 served with these Findings and Recommendations, plaintiff may file
26 written objections with the court.  Such a document should be
27 captioned "Objections to Magistrate Judge's Findings and
28 Recommendations."  Plaintiff is advised that failure to file

3

objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 14, 2006**                    **/s/ Sandra M. Snyder**
icido3                                        UNITED STATES MAGISTRATE JUDGE